JAMES B. FORD *vs.* EASTHAMPTON RUBBER THREAD COMPANY.

Hampshire.   November 30, 1892. — January 6, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Rescinding Vote to pay Dividend.*

The doctrine of consideration applicable to a simple contract between persons having no fiduciary relations to each other is not applicable to the promise of a corporation to pay a dividend to its stockholders.

After a dividend has been duly declared by a vote of the directors of a corporation, but payable at a future time, the vote can be rescinded at a subsequent meeting of the directors held before the time at which the dividend becomes payable according to the vote, if the fact that the dividend has been declared has not been made public, or in any manner communicated to the stockholders, and no fund has been set apart for the payment of the dividend.

CONTRACT, for money had and received.  At the trial in the Superior Court, without a jury, before *Aldrich,* J., there was evidence tending to show that the plaintiff on June 16, 1891, owned fifty-two shares of the capital stock of the defendant company, of the par value of one hundred dollars per share; that on that day the directors passed the following vote, namely, " That a dividend of 20 per cent be paid to stockholders of this date, payable Tuesday, June 23d, 1891 " ; that on said June 16th the annual meeting of stockholders of the company for the election of directors was held immediately after the meeting of directors, according to custom, and duly elected five directors, as provided by the by-laws of the company, two only of the old directors being re-elected, and no director being re-elected who voted for the twenty per cent dividend, though the two who were re-elected were present at the meeting when it was voted; and that on said June 16th, as soon as the stockholders' meeting adjourned, the directors elected and re-elected thereat met, qualified, organized for the year, and passed the following votes : " That the vote passed by the directors of this company this day declaring a dividend of 20 per cent on the capital stock of the company, payable Tuesday, June 23d, 1891, be reconsidered and rescinded ; the same is hereby rescinded.  That a dividend of six per cent, payable June 23d instant to stockholders of record this day, be declared in place of the dividend voted at earlier meeting of this board this day." It also appeared that no money was set aside or provided to pay said dividend of twenty per cent, but the company had ample means and facilities for paying the twenty per cent dividend ; that always before money had been provided to pay a dividend before it was declared; that money to pay said six per cent dividend was provided after the meeting and before said 23d of June by borrowing, and the same was set aside and deposited in bank therefor ; that the treasurer sent the check of the defendant on the bank where the money was deposited to each stockholder of record of said June 16th to pay

the dividend on his stock at six per cent, including the plaintiff, on said 23d June, 1891 ; and that the plaintiff declined to accept the check, and returned the money to the treasurer. It further appeared in evidence that no stockholder of the defendant had been paid the twenty per cent dividend for June, 1891 ; that a majority of the stockholders had accepted the dividend of six per cent paid by checks as aforesaid on June 23, 1891, in full ; that the plaintiff, by his attorney, by letter of June 30, 1891, demanded payment of the twenty per cent dividend from the defendant ; and that the plaintiff made no objection to the check of the defendant sent him to pay the dividend of June 16, 1891, except that it was for a dividend of six per cent, instead of twenty per cent.

The defendant asked the court to rule that the directors elected on June 16 had a right on that day to rescind the vote whereby the twenty per cent dividend was declared payable at a future day ; and that the plaintiff could not recover. The judge declined so to rule, ordered judgment for the plaintiff, and reported the case for the determination of this court. If the refusal to rule and order of judgment were correct, judgment was to be affirmed ; otherwise, judgment was to be ordered for the defendant.

*G. M. Stearns*, for the plaintiff.

*W. G. Bassett*, for the defendant.

FIELD, C. J.    It seems to be settled that, when a dividend has been fully declared, the corporation thereby manifests its intention that the amount of the dividend should be considered as having been separated from the other property of the corporation, and as having become the individual property of the stockholders, and that therefore, when the dividend becomes payable according to the terms of the vote declaring it, each stockholder has a right to demand payment of the proportional part of the dividend which belongs to his shares of stock, and to sue the corporation for it, if it is not paid on demand. In some cases money or other property equal to the whole amount of the dividend declared has been specifically set apart as a fund appropriated to the payment of the dividend, and the stockholders have been regarded as the *cestuis que trust* of this fund, each entitled to his share.. In other cases, the corporation has credited

the stockholders with the amount of their shares of the dividend, and the stockholders have assented to this, and the amount so credited has been regarded as a debt of the corporation to the stockholders; or the corporation has paid to some of the stockholders their shares of the dividend, and has refused to pay anything to the others, and it has been held that the corporation must pay all alike. See *Beers* v. *Bridgeport Spring Co.* 42 Conn. 17; *State* v. *Baltimore & Ohio Railroad,* 6 Gill, 363; *King* v. *Paterson & Hudson River Railroad,* 5 Dutch. 504; *Jermain* v. *Lake Shore & Michigan Southern Railway,* 91 N.Y. 483; *Hopper* v. *Sage,* 112 N.Y. 530; *Jackson* v. *Newark Plankroad Co.* 2 Vroom, 277; *Wheeler* v. *Northwestern Sleigh Co.* 39 Fed. Rep. 347. When a dividend has been declared payable at a definite future time, but no fund has been set apart for the payment of the dividend, and the corporation meanwhile becomes insolvent, whether the stockholders to the extent of their proportions of the dividend should share ratably with the creditors of the corporation in its property has not, so far as we know, been recently considered, but the decision in *Lowene* v. *American Ins. Co.* 6 Paige, 482, is that they should. The setting apart of a fund to pay a dividend has been held to give a lien upon it to the stockholders, which they can enforce to the exclusion of the general creditors of the corporation. *In re Le Blanc,* 14 Hun, 8, and 75 N. Y. 598. *Le Roy* v. *Globe Ins. Co.* 2 Edw. Ch. 657. The English Companies' Act, 1862, (25 & 26 Vict. c. 89, § 38, cl. 7,) provides that "no sum due to any member of a company, in his character of a member, by way of dividends, profits, or otherwise, shall be deemed to be a debt of the company, payable to such member in a case of competition between himself and any other creditor not being a member of the company; but any such sum may be taken into account, for the purposes of the final adjustment of the rights of the contributories amongst themselves." Upon these questions, however, we desire to express no opinion.

It has been argued that there is no consideration for the promise of a corporation to pay a dividend to its stockholders, but we think that the doctrine of consideration applicable to a simple contract between persons having no fiduciary relations to each other is not applicable to such promise. It is the object of a private business corporation to make money for its stock-

holders, and, under our laws, it is ordinarily the duty of the directors from time to time to declare dividends out of the net earnings, if there are any, and it must be left largely to the discretion of the directors to determine when and for how much such dividends should be declared. The whole property of the corporation is held on a sort of ·trust for the stockholders, and the directors are, in a general sense, the managers; and when a dividend is declared by the directors, the declaration is a determination by a body authorized to make it that the amount of the dividend should be taken from the property of the corporation and paid over to the stockholders. The cause of action of each stockholder against the corporation for non-payment of the dividend does not arise from any actual contract between the corporation and its stockholders, but from the nature of the organization, and the relation of the stockholders to the corporation and its property. Unless the rights of creditors intervene, or the corporation is enjoined from paying the dividend, on the ground that the dividend has not been earned, or on some other ground, the amount of the dividend, after it has been declared and has become payable, is considered as property held by the corporation for the use of the stockholders individually, and the stockholders may recover their shares as money or property had and received to their use. We have been able to find little or no authority on the precise question involved in this case, namely, whether, after a dividend has been duly declared by a vote of the directors, but payable at a future time, the vote can be rescinded at a subsequent meeting of the directors, held before the time at which the dividend becomes payable according to the vote, when the fact that a dividend has been declared has not been made public, or in any manner communicated to the stockholders, and when no fund has been set apart for the payment of the dividend. On principle, we do not see why the directors may not rescind such a vote, under the circumstances stated. By the vote no specific property passed to the stockholders. If the vote be regarded as a declaration of trust in favor of the stockholders, it could be revoked before it was communicated to them or any property was identified and set aside for them. Indeed, cases may easily be supposed of such a change in the affairs of a corporation, between the time when a

dividend is declared and the time when it becomes payable, as to make the exercise of such a power by the directors useful, if not necessary, for the successful continuance of the business of the corporation. It appears in the present case that the meeting of the new directors at which the vote was rescinded was held after the annual meeting of the stockholders, but on the same day as the meeting of the directors at which the vote was passed, which was held just before the meeting of the stockholders; and that at the meeting of the stockholders "the president did not, as had for many years been the custom, announce that any dividend had been declared, or promulgate the same to the stockholders"; and it does not appear that any of the stockholders, except the directors, knew of the original vote, or that any of the stockholders had made any contracts, incurred any liability, or done anything relying on the vote. It also appears that no fund was distinctly set apart for the payment of the dividend before the vote was rescinded. As the passage of the vote did not constitute an actual contract of the corporation with its stockholders, but was merely a mode of dividing the earnings of the property of the corporation among the stockholders, we are of opinion that before the division had been actually made, and before the position of the stockholders had been changed in reliance on the vote, — certainly before the passage of the vote had been made public, or communicated to the stockholders, — it was within the power of the directors, at a meeting subsequent to that at which the vote was passed, to rescind it. In this action at law, we cannot supervise the exercise of this power by the directors.

*Judgment for the defendant.*