# NORTHWESTERN MARBLE & TILE COMPANY v. CARL M. E. CARLSON.[1]

January 12, 1912.

Nos. 17,349—(192).

**Counterclaim — unpaid dividend.**

Action by a corporation against one of its stockholders upon an account stated. The answer asserted a counterclaim, based on an unpaid dividend. The trial court found that the financial condition of the corporation justified a dividend, that its board of directors declared a dividend of six per cent., payable at such time as the finances of the corporation will in the judgment of the board of directors warrant, and, further, that the stockholders were notified at their annual meeting that a dividend had been declared. *Held*, that the evidence sustains the findings of fact, that the existence of the dividend as a debt against the corporation was not dependent on any further action of the board, and that it was payable within a reasonable time.

Action in the district court for Hennepin county to recover $940.-57 alleged to be due upon an accounting. The case was tried before Booth, J., who made the findings and conclusions of law as set forth in the opinion. From an order denying plaintiff's motion for a new trial, it appealed. Affirmed.

*A. B. Darelius,* for appellant.
*Olof L. Bruce,* for respondent.

[1] Reported in 133 N. W. 1014.

START, C. J.

Appeal by the plaintiff from an order of the district court of the county of Hennepin denying its motion for a new trial. The complaint alleged an account stated between the parties, amounting to $940.57. The answer admitted the plaintiff's claim, and as a counterclaim alleged in effect that the plaintiff was indebted to the defendant in the sum of $1,020 for an unpaid dividend on his shares of stock of the plaintiff. The counterclaim was put in issue by the reply, and the issue tried by the court without a jury.

Findings of fact were made, which, so far as here material, are substantially as follows: The defendant was and is a stockholder of the plaintiff corporation, and the owner of one hundred seventy shares of its stock, of the par value of $17,000. During the year 1909 the plaintiff earned as net profits $6,717.78, and at the end of that year had as surplus and undivided profits $35,848.75. Thereupon, and on the seventh day of January, 1910, the board of directors of the plaintiff duly declared a dividend of six per cent on its capital stock. The board of directors passed a resolution, of which the following is a copy:

"Moved by Darelius, seconded by Hedwall, that a dividend of six per cent. be declared on the common stock, payable in common stock or in cash at the option of the stockholder, at such time as the finances of the firm will in the judgment of the board of directors warrant. Motion carried."

The undivided profits of the corporation, in its possession both then and since, were more than sufficient to pay such dividend upon all its capital stock. Immediately thereafter the board of directors duly announced at the annual meeting of the stockholders that the board had declared a dividend of six per cent on the capital stock. The trial court also found that it was agreed between the plaintiff's president and general manager and the defendant, and as a part of the contract out of which the plaintiff's claim against the defendant arose, that such claim should be paid out of the dividend thereafter to be declared on the defendant's stock.

As conclusions of law the court found that the contract as to the payment of plaintiff's claim out of the defendant's dividends was

invalid, and, further, that the plaintiff was indebted to the defendant in the sum of $1,020, the amount of his dividend, which was duly declared. Judgment was accordingly ordered in defendant's favor for $89.98, the balance of his claim in excess of plaintiff's claim.

The only assignments of error specifically urged in appellant's brief are those which challenge the sufficiency of the evidence to sustain the findings of fact as to the financial condition of the plaintiff and the amount of its surplus and undivided profits, and the conclusion of law that the board of directors duly declared a dividend which the defendant had a right to offset against plaintiff's claim. This is the principal question presented by the record for our decision.

Our examination of the evidence leads us to the conclusion that the findings as to the financial condition of the plaintiff and the amount of its surplus and undivided profits are fairly sustained by the evidence, within the rule applicable to such questions. Whether the finding and conclusion that a dividend was duly declared are sustained by the evidence depends upon the construction of the resolution declaring it. The resolution must be construed in connection with the evidence as to the financial condition of the plaintiff and the report made at the stockholders' meeting. The evidence tending to show such report was properly received. The contention of the plaintiff is to the effect that the resolution adopted by the board is not a declaration of a dividend, so as to make it available to stockholders.

A number of cases from other states are cited and relied upon in support of this claim. The facts upon which the decision in the several cases cited was based were essentially different from the facts in this case; hence none of the cited cases is here directly in point.

If the resolution is to be construed as claimed by the plaintiff, its adoption was either an idle ceremony, for the amusement of the stockholders, or a device to inflate the selling price of the stock. Neither inference is justified by the facts. The board of directors by the resolution declared a dividend, and its action was amply justified by the surplus and undivided profits of the corporation. No

further action of the board was necessary to make the segregation of the amount of the dividend of each stockholder from the common mass of the corporate property. There was no qualification of the declaration of the dividend, and its existence as a debt against the corporation was not dependent upon any further action of the board, but the debt was payable at such time as the finances of the corporation would in the judgment of the board of directors warrant.

This provision as to the time of payment of the dividend must be construed in connection with the fact that a dividend had been rightfully declared and notice thereof given to the stockholders at their annual meeting. So construing the provision, we hold that the time of payment of the dividend was not a matter depending upon the discretionary future action of the board, but that it gave to the board a reasonable time in which to make the necessary arrangements for its payment; that is, the dividend was payable within a reasonable time.

Order affirmed.

HOLT, J., took no part.