WALLIN *et al. v.* JOHNSON CITY LUMBER & MFG. CO.

(*Knoxville.* September Term, 1916.)

**CORPORATIONS. Dividends. Persons entitled.**

Where directors at an annual meeting declared and set apart a dividend to the stockholders, to be held in the treasury and paid out at a later date on the order of the board, the declaration of the dividend had the effect to segregate the amount from the corporation's assets, leaving it disassociated from the capital stock, the law implying a promise at the time of its declaration to pay to the then stockholders their proportionate amounts, so that the dividend did not pass as an incident to the stock certificates transferred before the order of the board for its payment, but as between transferor and transferree, remanded the property of the transferors.

Cases cited and approved: Wheeler v. Northwestern Sleigh Co. (C. C.), 39 Fed., 347; Hopper v. Sage, 112 N. Y., 530; Bright v. Lord, 51 Ind., 272.

Cases cited and distinguished: Beers v. Bridgeport Spring Co., 42 Conn., 17; N. W. Marble & Tile Co. v. Carlson, 116 Minn., 438.

---

FROM WASHINGTON.

---

Appeal from the Chancery Court of Washington County.—HAL. H. HAYNES, Chancellor.

J. STANLEY BARLOW and S. E. MILLER, for appellant.

THAD A. COX and BEN H. TAYLOR, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This case, standing on bill and demurrer, involves the right of complainants, Wallin and others, to recovery of the defendant corporation portions of a dividend claimed to have been declared.

The bill alleges that in January, 1916, when complainants were the owners of the shares of stock on which they seek to *pro rata,* at a regular annual meeting of the board of directors a dividend was declared and set aside to the stockholders holding stock at that time, of $2,600, or 17.8 per cent.; that said dividend was declared and set apart in the treasury of said company, same to be held in the treasury and paid out at a later date on the order of the board of directors of said company. Judgments for the amounts of the respective dividend sums were sought to be recovered.

The demurrer set forth as defenses: (a) That there was no allegation in the bill of complaint that the directors had ordered the payment of the dividend out of the treasury; therefore, that the sums sued for were not due as collectable debts. (b) That it appeared from the recitals of the bill that some of complainants had sold and transferred their shares at a time when the payment of the dividend yet depended upon the condition or contingency that the directors should order same to be made; that, therefore, the right to any dividend that may be declared is in the transferees and not complainants.

The rule undoubtedly is that a dividend on particular shares belongs to him who owns the shares on the date of the declaration of the dividend, as between the vendor and the vendee of the shares; and this is true notwithstanding the time of payment to stockholders may be postponed to a date subsequent to the transfer.

The declaration of the dividend has the effect to segregate the earnings, to the amount of the dividend, from the corporation's assets, or general mass of property, which is represented by the capital stock, and to appropriate the same to the then stockholders. The corporation thereafter holds the dividend for the stockholders, who become entitled to recover the same of the corporation, as debtor, when the time for payment, fixed by the resolution of declaration or by the law, is reached. *Wheeler* v. *Northwestern Sleigh Co.* (C. C.), 39 Fed., 347; *Hopper* v. *Sage,* 112 N. Y., 530, 20 N. E., 350, 8 Am. St. Rep., 771; *Bright* v. *Lord* 51 Ind., 272, 19 Am. Rep., 732; 7 R. C. L., p. 283, section 260 *et seq.*

It is erroneously contended by the defendant corporation that in order to such effectiveness the "declaration of a dividend" must embody as a part of it an express order for payment thereof to the stockholders. The setting aside or segregation may precede the time of payment, postponed for the convenience of the company, or the order for actual payment. The declaration thus operating to segregate, leaves the dividend dissociated from the capital stock

Wallin v. Lumber & Mfg. Co.

and no longer to pass as an incident to the stock certificates when transferred. The law at that time implies a promise on the part of the corporation to pay to the then stockholders their proportionate amounts as dividends.

The main insistence of the defendant corporation is that the payment of the dividend of $2,600 was conditioned on the board of directors' later order, in that it was to be "paid out at a later date on the order of the board of directors," and that until such order be made the suit is premature.

At least two reported cases have dealt with this phase of the suit, and, as we believe, properly.

In *Beers* v. *Bridgeport Spring Co.*, 42 Conn., 17, the resolution of the directory was to declare a dividend of twenty-six per cent.; the amount to be placed, *pro rata,* to the credit, on the books of the company, of each stockholder, and made payable, without interest, at such time as may by the directors be ordered. It was held in favor of the stockholder:

"The *proviso* as to the time of payment does not absolve the company from all obligation to him; there remain all the essential elements of a debt, certain in amount, and certain to be paid upon a day not yet appointed, but which it is the duty of the debtor at some time to name. The legal effect of the vote is that the debt is to be paid within a reasonable time."

In *Northwestern Marble & Tile Co.* v. *Carlson,* 116 Minn., 438, 133 N. W., 1014, Ann. Cas., 1913B, 552, the resolution was, in substance that a dividend of

six per cent. be declared on the common stock, payable at such time as the finances of the company would in the judgment of the board of directors warrant. The court said:

"The board of directors by the resolution declared a dividend, and its action was amply justified by the surplus and undivided profits of the corporation. No further action of the board was necessary to make the segregation of the amount of the dividend of each stockholder from the common mass of the corporate property. There was no qualification of the declaration of the dividend, and its existence as a debt against the corporation was not dependent upon any further action of the board, but the debt was payable at such time as the finances of the corporation would in the judgment of the board of directors warrant.

"This provision as to the time of payment of the dividend must be construed in connection with the fact that a dividend had been rightfully declared and notice thereof given to the stockholders at their annual meeting. So construing the provision, we hold that the time of payment of the dividend was not a matter depending upon the discretionary future action of the board, but that it gave to the board a reasonable time in which to make the necessary arrangements for its payment; that is, the dividend was payable within a reasonable time."

The chancellor, therefore, was in error in holding that the dividend so declared did not belong to the complainants, but to their respective transferees.

Wallin v. Lumber & Mfg. Co.

The bill of complaint proceeds upon the theory that the dividend sums were payable on demand, and does not set forth on its face facts showing that the period from January, the dividend declaration date, to May 15, 1916, when this suit was brought, was not such a reasonable time; and we think justice requires that the case be remanded to the chancery court for an answer and issue, in respect to prematurity, if the defendant may be advised to make further defense to the effect that, in the circumstances, a reasonable time had not elapsed.

Reversed and remanded.