**WEST BAY CITY SUGAR CO. v. UNITED STATES.**

No. 985.

District Court, E. D. Michigan, N. D.

Aug. 7, 1936.

Clark & Henry, of Bay City, Mich., for petitioner.

John C. Lehr, U. S. Atty., and Fred R. Walker, Asst. U. S. Atty., both of Detroit, Mich.

TUTTLE, District Judge.

Petitioner is a corporation organized and existing under the laws of the State of Michigan, with its principal office at Bay City, Michigan, and is a citizen and resident of the State of Michigan, and of the Northern Division of the Eastern District thereof.

Petitioner was on March 31, 1933, and prior thereto, the owner and engaged in the operation of a factory located at Bay City, Michigan, for the manufacture of sugar from sugar beets. It then had an earned surplus of $300,978.29, all of which was represented by deposits in solvent banks, $32,616.07 being in the form of demand deposits, and the remainder in the form of interest-bearing time deposits.

On March 31, 1933, petitioner's board of directors duly adopted a dividend resolution in the words and figures following:

Resolved, "that there be a special dividend of $60,000.00 credited to account of bills payable on account of surplus March

31st, 1933, and to be paid as the same may be available from treasury funds."

On March 31, 1933, immediately after the declaration of the dividend aforesaid, the sum of $60,000 was charged on petitioner's books of account to the surplus account aforesaid, and credited to the account of "Bills payable Dividend 3/31/33."

The journal entry explaining the credit to Bills Payable Dividend 3/31/33 contained a detailed list of the names of all of petitioner's stockholders, together with the amount to which each was entitled under the dividend resolution aforesaid.

The declaration of the dividend aforesaid was irrevocable, and the full amount of said dividend was on March 31, 1933, immediately available from treasury funds and remained available at all times thereafter. The time deposits aforesaid could have been withdrawn immediately, subject only to the loss of interest thereon.

The transactions aforesaid created an immediate debt to petitioner's shareholders, which was discharged in two installments, one of $30,000 paid on August 1, 1933, and the other of $30,000 paid on December 1, 1933. The delay in payment enabled the petitioner to avoid sacrificing interest accrued prior to March 31, 1933, and accruing thereafter.

There was no other reason for delay. A similar course had been followed in prior years, and had its origin in the customs and preferences of petitioner's president and treasurer, who was its managing officer. No law imposing a tax on corporate dividends was in force then, or thereafter until June 16, 1933. No officer or director of petitioner anticipated or had in mind the enactment of any such law.

Thereafter, on June 16, 1933, there was enacted and became effective, section 213 of the Act of Congress commonly known as the National Industrial Recovery Act, 48 Stat. 206, which levied an excise tax of five per cent upon dividends declared after the date of the enactment of the act, as more fully appears by the provisions of said section, to which reference is hereby made.

Thereafter, on or about January 12, 1934, the Commissioner of Internal Revenue notified petitioner that its dividend distributions aforesaid were subject to said tax, because in his opinion such dividends were not declared before the date of the enactment of the act aforesaid.

After correspondence on the subject, demands were made by the collector of internal revenue for the District of Michigan, for the payment of the sums of $1,579.44 and $1,924.19 representing the tax claimed to be due on the distributions aforesaid, together with interest accruing thereon to August 30, 1934. To save the accrual of additional interest, petitioner on or about August 28, 1934, paid under protest to said collector the sum of $3,503.63 in satisfaction of his demands.

On or about September 18, 1934, petitioner filed its claim for refund dated September 11, 1934, which was thereafter amended as of September 22, 1934. A true copy of said claim and of said amendment and of the detailed explanation and exhibits annexed thereto were annexed to, marked "Exhibit 1," and made by reference a part of the petition in this case. All of the statements of fact contained in said Exhibit 1 are true, and the Exhibits A, B, C, and D thereto annexed are correct copies of the balance sheets which they purport to represent.

On or about May 9, 1935, petitioner received from the Deputy Commissioner of Internal Revenue an informal notice dated May 7, 1935, of the disallowance of its claim for refund aforesaid.

Thereafter, on or about June 19, 1935, petitioner received by registered mail, from the Commissioner of Internal Revenue, an official notice of disallowance of petitioner's claim aforesaid, which notice was dated June 17, 1935.

The tax so paid was not deducted from the shareholders' dividends, but said dividends were paid to the shareholders in full, without deduction of any tax, and without any condition or reservation. Any refund that may be made to petitioner will therefore be and remain the property of petitioner, having already been paid to its shareholders.

The matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000 and does not exceed the sum or value of $10,000.

■ The jurisdiction of this court depends upon the provisions of subdivision 20 of section 41 of title 28 of the United States Judicial Code, the practice herein being governed by sections 762, 763, 764, and 765 of said Title.

■ The credit in petitioner's books to the account of "Bills Payable Dividend

3/31/33," together with the listing of the names of petitioner's stockholders, and the amounts due each, constituted in legal effect a credit to each of said stockholders, and created a debt from petitioner then and there payable to each of said stockholders.

The dividend declared as aforesaid was not subject to the provisions of section 213 of the act of Congress commonly known as the National Industrial Recovery Act, which levied an excise tax of 5 per cent. on dividends declared after the date of the enactment of said act.

The Commissioner of Internal Revenue was in error in holding that the dividend aforesaid was not declared prior to June 16, 1933, and the demands of the collector of internal revenue above set forth were and are invalid, and the sum of $3,503.63, paid by petitioner as aforesaid, was erroneously, illegally, and wrongfully assessed and collected.

Petitioner is entitled to redress against the United States, and is entitled to recover the sum so paid, with interest thereon at 6 per cent. per annum, from August 28, 1934, which was the date of payment as aforesaid.

Petitioner is entitled to recover damages in the sum of $3,862.79, and judgment should be entered in favor of petitioner for that sum, with costs.