**UNITED STATES v. MURINE CO., Inc.**
**No. 6078.**

Circuit Court of Appeals, Seventh Circuit.
May 26, 1937.

Rehearing Denied June 18, 1937.

550

Robert H. Jackson, Asst. Atty. Gen., Sewall Key, Norman D. Keller, and Thomas G. Carney, Sp. Assts. to Atty. Gen., Michael L. Igoe, U. S. Atty., and David L. Bazelon, Asst. U. S. Atty., both of Chicago, Ill., and James P. Garland, of Washington, D. C., for appellant.

Rosenberg & Rosenberg and H. J. Rosenberg, all of Chicago, Ill., for appellee.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

Appellant brings this appeal from a judgment of the lower court allowing recovery of excise taxes which it was alleged were erroneously assessed and collected by reason of section 213 (a) of the National Industrial Recovery Act (48 Stat. 206), effective June 16, 1933, providing, so far as is here material:

"(a) There is hereby imposed upon the receipt of dividends (required to be included in the gross income of the recipient under the provisions of the Revenue Act of 1932) by any person other than a domestic corporation, an excise tax equal to 5 per centum of the amount thereof, such tax to be deducted and withheld from such dividends by the payor corporation. The tax imposed by this section shall not apply to dividends declared before the date of the enactment of this Act."

The case was tried on a stipulation of facts which contained, inter alia, the following facts: "(4) That on or about De-cember 15, 1932, the following resolution was adopted by the Board of Directors of the plaintiff corporation:

"'Resolved, that today, viz., December 15, 1932, the Treasurer be and hereby is authorized to pay as a dividend to the stockholders of record of the Murine Company, Inc., the sum of Twenty Dollars ($20.00) per share; and that commencing with the first day of January, 1933, and continuing thereafter until the next annual meeting of the Board of Directors of The Murine Company, Inc., the Treasurer be and hereby is authorized to pay, as dividends, to the stockholders of record of The Murine Company, Inc., on the First and Fifteenth day of each calendar month (unless the same shall fall on a Sunday or holiday, in which event on the first business day following the First or Fifteenth of each month) the sum of Twenty Dollars ($20.00) per share; and that in the event, in his judgment, the condition of the treasury on any of these dates shall not warrant the payment of such dividends, he may omit the same or defer the payment until some later date and to so inform the stockholders of the Company.'

"(5) That the plaintiff corporation pursuant to the resolution declaring dividends adopted on December 15, 1932, paid the dividends to its stockholders for the months of January to November, 1933, inclusive.

"(6) That on the due dates thereof the petitioner filed its dividend tax returns for each of the months from July 1933 to November 1933, inclusive, disclosing therein the payment during each of said months of dividends in the sum of Six Thousand Dollars ($6,000.00) per month, but failed, neglected and refused to pay any tax thereon.

"(7) That thereafter the Commissioner of Internal Revenue and/or his agents examined the said returns and determined that the dividends paid during the said months from July 1933 to November 1933, inclusive, and received by the stockholders of the said corporation, were subject to tax under section 213 of the National Industrial Recovery Act, and determined that tax in the amount of Fifteen Hundred Dollars ($1,500.00) was due and payable on the receipt of said dividends, and thereafter assessed against the plaintiff herein tax in the said sum of Fifteen Hundred Dollars ($1,500.00), together with interest in the sum of Two Hundred Fifteen

and 60/100 Dollars ($215.60), a total of Seventeen Hundred Fifteen and 60/100 Dollars ($1,715.60), which plaintiff herein paid on January 24, 1935, under protest."

Appellee filed with the Commissioner of Internal Revenue its claim for refund for the taxes and interest so paid, which claim was rejected on June 10, 1935, and the suit in question then instituted.

The question immediately presented is whether the resolution adopted December 15, 1932, constituted a valid declaration of dividends. If so, the payment of the dividends is not subject to the tax as the statute specifically provides that "the tax * * * shall not apply to dividends declared before the date of the enactment of this Act." The answer to the question depends upon the construction or meaning of the language found in the resolution above referred to: "He may omit the same or defer the payment until some later date."

It is the contention of appellant that under this language the resolution was not definite, final, and irrevocable so as to create the relation of debtor and creditor between the corporation and its stockholders, while appellee contends to the contrary and that the language quoted should be construed merely as a qualification as to the time of payment and not a limitation upon the obligation of the company to pay dividends. A number of authorities are cited by appellee in support of this contention, which authorities were cited and relied upon by the court below. United States v. Guinzburg (C.C.A.) 278 F. 363; Ford v. Snook, 205 App.Div. 194, 199 N.Y.S. 630; Beers v. Bridgeport Spring Co., 42 Conn. 17; McLaran v. Crescent Planing Mill Co., 117 Mo.App. 40, 93 S.W. 819 (St. Louis Court of Appeals); Northwestern Marble & Tile Co. v. Carlson, 116 Minn. 438, 133 N.W. 1014, Ann.Cas.1913B, 552; Wallin v. Johnson City Lumber & Mfg. Co., 136 Tenn. 124, 188 S.W. 577, L.R.A. 1917B, 323. An examination of these authorities, however, convinces us that they afford very little support, if any, to appellee's contention. They all in varying degree hold that language used, which merely extends the time of payment, is not a limitation upon the obligation of the corporation to pay dividends. In other words, a declaration to pay dividends is not invalid on account of language used which merely extends or makes uncertain the time of payment. In the instant case, if the resolution had merely authorized the treasurer to defer the payments until some later date, the cases cited would be applicable and controlling, but to give the resolution such construction it seems to us is to ignore entirely the words "he may omit the same."

Some of the definitions for the word "omit" as given by Webster's Dictionary are: "To leave out, to leave undone, to let go, to refrain or cease from keeping." We see no reason why the word as used here should be construed to have a meaning different from that which it ordinarily bears. The resolution clearly authorizes the treasurer to do two things—either "omit" payment or "defer" payment. The terms are not synonymous and they cannot mean the same thing. The use of the word "omit" serves to defeat the establishment of a legal and enforceable debt which was definite, final, and irrevocable. To hold otherwise is to ignore the certain and unambiguous meaning of that term.

It is, therefore, our conclusion that the resolution in question does not constitute a valid declaration of dividend and that the dividend payments made after the enactment of the statute in question were properly assessed as provided in said act.

Judgment reversed.