**CARNEY v. CROCKER et al.**

No. 3303.

Circuit Court of Appeals, First Circuit.

Feb. 15, 1938.

L. W. Post, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., and Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to U. S. Atty., both of Boston, Mass., on the brief), for appellant.

Lawrence E. Green, of Boston, Mass. (Raymond B. Roberts and Hale & Dorr, all of Boston, Mass., on the brief), for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the federal District Court for Massachusetts in favor of the plaintiffs in the sum of $4,605, together with interest ($829.67) from June 20, 1934. The action is one at law to recover an excise tax, assessed and collected under section 213(a) of the National Industrial Recovery Act of 1933, 48 Stat. 206, on the ground that it was illegally assessed, that section 213(a) is not applicable to this case as the dividend upon which the tax was assessed was declared prior to June 16, 1933, the date on which the tax statute became operative.

It appears that the plaintiffs are citizens of Massachusetts and trustees of the Crocker, Burbank & Co. Association, a Massachusetts trust created March 29, 1912; that the defendant, Carney, is and at all times here in question has been the duly qualified collector of internal revenue for the district of Massachusetts; that, on June 28, 1933, the plaintiffs filed a return for the association showing no tax liability under the provisions of section 213, for the alleged reason that the dividend had been declared prior to June 16, 1933, the effective date of the act; that, on June 5, 1934, the Commissioner notified the plaintiffs to file an amended return for the month of June, 1933, and to include therein as subject to tax the dividend amounting to $92,100 declared March 24, 1933, and paid June 29,

1933; that on June 20, 1934, the plaintiffs filed an amended return as required and paid a tax amounting to $4,605; that on October 5, 1934, the plaintiffs, in behalf of the association, filed a claim for refund of the tax as an illegal assessment on the dividend; and that the Commissioner rejected the claim December 31, 1935, whereupon this suit was brought.

The association in question is now and at all times here material has been known as the Crocker, Burbank & Co. Association. The seven plaintiffs are its trustees or directors. By the terms of the declaration of trust, property was conveyed to the trustees to hold for the following purposes, among others:

"3. In trust to collect and receive all rents and income from the property, and semi-annually or oftener at their convenience, to distribute such portion thereof as they may, in their discretion, determine to be fairly distributable net income, to and among the several cestui que trusts [shareholders] according to their respective fractional interests. * * *"

On March 24, 1933, the plaintiffs, as trustees of the association, adopted the following resolution:

"Resolved that a distribution of One Dollar ($1.00) per share be paid on June 29, 1933, to Shareholders of record June 22nd, 1933, subject to the approval of the President and Treasurer and Assistant Treasurers."

At the time of the adoption of this resolution, the board of trustees, the directors of the association, consisted of six members, and of seven at the time this suit was brought. Charles T. Crocker, its president and treasurer, and Barton Crocker and C. T. Crocker, 3d, its assistant treasurers, were its officers.

It was found by the District Court that, prior to June 16, 1933 (on or about April 25, 1933), the president, treasurer, and assistant treasurers of the association met and discussed its financial condition, the advisability of approving the making of a distribution in accordance with the resolution adopted by the trustees, and informally approved the resolution; that the trustees owned more than 50 per cent. of the shares of the association, and that the informal approval of the resolution of March 24, 1933, by the above-named officers became known to the trustees, who held a little more than a majority of its shares, but that no record of the approval of the resolution was made by the officers or by the trustees on the records of the association; that the officers made no minutes of the meeting and took no formal action indicating their approval. The court made no finding and there was no evidence to support a finding that the informal approval of the officers was known or made known to shareholders other than the trustees, the directors, who voted the resolution, and who held a majority of the shares of the association. The association at the time of the adoption of the resolution and of the informal approval, had on hand adequate funds to warrant the dividend, but no funds were set aside to meet it.

On June 29, 1933, the association paid $92,100 to its shareholders in accordance with their share holdings and pursuant to the resolution. This suit is to recover the tax of $4,605 so paid, with interest from the date of payment.

Section 213(a) of the National Industrial Recovery Act, c. 90, 48 Stat. 195, 206, reads:

"Sec. 213. (a) There is hereby imposed upon the receipt of dividends (required to be included in the gross income of the recipient under the provisions of the Revenue Act of 1932) by any person other than a domestic corporation, an excise tax equal to 5 per centum of the amount thereof, such tax to be deducted and withheld from such dividends by the payor corporation. The tax imposed by this section shall not apply to dividends declared before the date of the enactment of this Act."

The above act became effective June 16, 1933. The question presented is whether a dividend was declared prior to June 16, 1933, within the meaning of section 213(a), so that it was not subject to a tax on June 16, 1933, when section 213(a) became operative.

In Cumulative Bulletin XII-2 (July to December, 1933), pages 402, 403, issued by the Treasury Department—Bureau of Internal Revenue, advising as to the construction and applicability of section 213(a) of the National Recovery Act, it is stated:

"Following the established rule of construction, the expression 'dividends declared' as used in the statute is to be construed and applied according to its accepted legal meaning. Stated briefly, the declaration of a dividend by a board of directors of a corporation has the legal effect of creating

the relationship of debtor and creditor between the corporation and the stockholder, and the rights of the stockholder as such creditor become immediately vested regardless of the fact that the dividend may be payable at some future time. In order for a dividend to be fully 'declared' within the meaning of the statute the action taken by the board of directors must be such as to create the relationship of debtor and creditor between the corporation and the stockholder, and the debt so created must be a legal and enforceable debt which is definite, final, and irrevocable. A dividend so declared of course effects an appropriation of surplus to the payment of the debt thereby created."

■ The instructions given in the foregoing Bulletin, as to the construction and meaning of section 213(a) and of the term "dividends declared" embodied therein, are in accord with accepted legal construction. United States v. Murine Co., 7 Ill., 90 F.2d 549; Ford v. Easthampton Rubber Thread Co., 158 Mass. 84, 32 N.E. 1036, 20 L.R.A. 65, 35 Am.St.Rep. 462. In the latter case it was held that a dividend had not been fully declared where "it was within the power of the directors, at a meeting subsequent to that at which the vote was passed, to rescind it." 158 Mass. 84, at page 89, 32 N.E. 1036, 1037.

In that case the particular question before the court was "whether, after a dividend has been duly declared by a vote of the directors, but payable at a future time, the vote can be rescinded at a subsequent meeting of the directors, held before the time at which the dividend becomes payable according to the vote, when the fact that a dividend has been declared has not been *made public,* or in any manner *communicated* to the stockholders, and when no fund has been set apart for the payment of the dividend." 158 Mass. 84, at page 88, 32 N.E. 1036, 1037. (Italics supplied.)

In further stating the facts of the case bearing upon the question presented, the court, 158 Mass. 84, at page 89, 32 N.E. 1036, 1037, said:

"It appears in the present case that the meeting of the new directors at which the vote was rescinded was held after the annual meeting of the stockholders, but on the same day as the meeting of the directors at which the vote was passed, which was held just before the meeting of the stockholders; and that at the meeting of the stockholders 'the president did not, as had for many years been the custom, announce that any dividend had been declared, or promulgate the same to the stockholders;' and it does not appear that *any of the stockholders, except the directors, knew of the original vote,* or that any of the stockholders had made any contracts, incurred any liability, or done anything relying on the vote. It also appears that no fund was distinctly set apart for the payment of the dividend before the vote was rescinded." (Italics supplied.)

On these facts and in answer to the above-stated question the court held:

"We are of opinion that before the division had been actually made, and before the position of the stockholders had been changed in reliance on the vote,—certainly before the passage of the vote had been *made public,* or *communicated to the stockholders,*—it was within the power of the directors, at a meeting subsequent to that at which the vote was passed, to rescind it." (Italics supplied.)

The action brought in that case was for money had and received to recover the amount of a 20 per cent. dividend as declared by the first board of directors. The first declaration was rescinded before it had been made public or communicated to the stockholders, except the directors, and because of this the first declaration was held capable of rescission and to have been rescinded, and judgment was entered for the defendant.

■ We regard the question before the court in that case as rightly decided and to be determinative of the question now before us. Here the resolution voted by the trustees, the directors, on March 24, 1933, by its very terms was not a fully declared dividend, for it was made conditional upon the approval of the president, treasurer, and assistant treasurers. It is true that on April 25, 1933, and prior to June 16, of that year, the officers of the association described in the resolution met and informally approved the resolution, but their informal approval was not recorded on the books of the corporation (if that would have been helpful), or made public, or communicated to any of the shareholders except the trustees, who in this case stand as the directors of the association. In other words, the shareholders, other than the director-trustees, had no knowledge of an approval of the resolution. This being so, the relation of debtor and creditor, between the

association and the shareholders, did not arise before June 16, 1933, and it was within the power of the trustees, so far as this record discloses, to have rescinded the resolution of March 24, 1933, at any time before June 29, 1933, when the distribution was made. It necessarily follows that the dividend was not fully and unconditionally declared before June 16, 1933, and was subject to the tax imposed by section 213(a).

The judgment of the District Court is vacated and the case is remanded to that court with directions to enter judgment for the defendant.