## GREENWOOD COMPRESS & STORAGE CO. v. FLY.

### No. 7975.

District Court, S. D. Mississippi, Jackson Division.

Aug. 10, 1938.

Alfred Stoner, and Nelson E. Taylor, both of Greenwood, Miss., for plaintiff.

James W. Morris, Asst. Atty. Gen., Andrew D. Sharpe and James P. Garland, Sp. Assts. to Atty. Gen., and Toxey Hall, U. S. Atty., and A. Y. Harper, Asst. U. S. Atty., both of Jackson, Miss., for defendant.

MIZE, District Judge.

Plaintiff is a corporation organized and existing under the laws of the state of Mississippi and is engaged in storing cotton for hire, doing a warehouse business.

The stockholders of the corporation on June 6, 1933, passed and adopted the following resolution:

"It appearing to the stockholders of this company that it has accrued storage charges amounting to more than $85,000.00 secured by cotton in storage and loose cotton in bales worth more than $35,000.00, cash on hand amounting to more than $16,000.00, it is ordered that a dividend of 48% or $120,000.00 be declared and the manager of this company is hereby instructed to set these items up on the books of this company and as these items are realized upon to pay out to the stockholders of this company from time to time their proportionate part of such amounts."

Pursuant to said resolution the corporation paid dividends to its stockholders on July 10, 1933, $10,000; on September 20,

1933, $10,000; October 2, 1933, $30,000; December 2, 1933, $10,000. The Collector of Internal Revenue required that the federal excise tax of 5% be assessed and collected on the above dividends, acting in pursuance of Section 213(a) of the National Recovery Act,—the National Recovery Act became effective June 16, 1933, 48 Stat. 206. Plaintiff paid the tax and filed its claim for a refund, which was rejected by the Commissioner of Internal Revenue, and plaintiff brings this suit to recover it.

After the passage of the resolution, but prior to June 16, 1933, plaintiff paid $10,000 to its stockholders in dividends, but no tax was assessed against this item. The only items against which the tax was assessed are those above mentioned, aggregating $60,000. The last dividend paid in pursuance of said resolution was the one of date December 2, 1933. The sum of $20,000 remaining to be paid under the resolution was never paid, but this item was later transferred on the books of the corporation to the account of profit and loss. This was done by the Secretary-Treasurer-Manager of the corporation without being instructed so to do, but with the tacit consent of the stockholders.

The defendant set up in defense of the claim that the dividends were not paid out of funds or assets on hand at the time of the passage of the resolution on June 6, 1933, but were paid in whole or in part out of earnings or assets which accrued or were acquired subsequent to June 6, 1933. A second defense made by the defendant was that the plaintiff did not in fact pay out the entire $120,000 of dividends so declared and that, therefore, it was an attempt by the plaintiff to evade the provisions of the National Industrial Recovery Act, 48 Stat. 195, and that as soon as the law became ineffective, which was on the last of December, 1933, the plaintiff then ceased the payment of further dividends in pursuance of said resolution. The third defense to the claim was urged by the government to the effect that the plaintiff changed from a cash receipts and disbursements method of accounting to the accrual method of accounting; that for the purpose of making income tax returns under the Income Tax Act, (Revenue Act of 1932, 47 Stat. 173), the plaintiff used the cash receipts and disbursements method, but that in declaring and paying dividends it undertook to change from this on the 6th of June to the accrual method.

The defendant on the trial of the case introduced a certified copy of the income tax return of the plaintiff for the fiscal year ending May 31, 1933. This return showed that for income tax purposes for the year here in question, as well as the preceding and succeeding years, the income tax returns had been made on a cash receipts and disbursements basis and not on an accrual basis. It was shown by this return for the year ending May 31, 1933, that the capital stock of the company was depleted by the sum of $45,509.44.

■ It is urged by the defendant that under the provisions of Section 4149 of the Mississippi Code of 1930 the resolution of June 6, 1933, is void. The above section of the Mississippi Code provides that no part of the capital stock of any corporation shall be withdrawn or diverted from its purpose, nor shall dividends be declared when the company is insolvent or would be rendered insolvent by such withdrawal on payment of the dividends. However, I do not think that this statute is applicable to the facts in the instant case. This same section makes the directors who assented to such withdrawal, or who declared and paid the dividends, as well as the stockholders who received the dividends jointly and severally liable to the creditors whose debts then existed to the extent of such withdrawal or dividend and interest. It will be seen, therefore, that the statute carries its own penalty and does not declare the resolution to be void. The purpose of the statute is to authorize the recovery of the money actually disbursed in violation of the statute. Metzger v. Joseph, 111 Miss. 385, 71 So. 645.

■ The solution of the question at issue will be determined by the construction of the resolution itself in the light of the federal statutes. Section 213(a) c. 90, 48 Stat. 195, 206 imposes the tax that was collected, but provides that it shall not apply to dividends declared before the date of the enactment of the law. The resolution is valid and by it the relationship of debtor and creditor between the corporation and stockholders arose. The corporation had the right to set aside these particular assets on June 6, 1933, and to pay the dividend provided therein from such assets as they were realized upon. It could have apportioned and set aside specific property to be paid out in dividends if it had so desired. 14 C.J. 811; Jerome v. Cogswell, 204 U.S. 1, 27 S.Ct. 241, 51 L.Ed. 343. The fact that no particular date was fixed by the resolution

for the time of payment will not prevent the resolution from being valid, provided, of course, by the terms of the resolution it is irrevocable and no discretion is left to any officer to say whether or not a dividend shall be paid. Wallin v. Johnson City Lumber & Mfg. Co., 136 Tenn. 124, 188 S.W. 577, L.R.A.1917B 323; U. S. v. Murine Co., Inc., 7 Cir., 90 F.2d 549; Carney v. Crocker, 1 Cir., 94 F.2d 914; U. S. v. Southwestern Railroad Company, 5 Cir., 92 F.2d 897.

The burden of proof was upon the plaintiff to establish by the evidence with a reasonable degree of certainty that the assets on hand on June 6, 1933, referred to in the resolution, were converted into cash and were the assets from which the dividends were paid. This burden the plaintiff failed to sustain. The proof shows, as a matter of fact, that $10,000 of the cash on hand that date was paid out prior to the 16th of June, 1933; that a part of the assets mentioned in the resolution were still on hand at the date of the trial and had never been converted into cash. It failed to show whether a substantial part of the assets was converted into cash and paid out in dividends, or whether there was still a substantial part of such assets on hand at the date of the trial. The testimony was to the effect that as cash was realized from any of these assets or from new business it was comingled and paid out as dividends on the respective dates above shown.

Judgments cannot be rendered on speculative evidence, but must be based upon evidence showing with a reasonable degree of certainty the facts upon which such judgment is to be based. The plaintiff would have been entitled to recover if it had shown that the dividends paid out arose from the particular items mentioned in this resolution. The manager of the corporation was instructed by this resolution to set up on the books of the company the items or assets mentioned in the resolution and as those items were realized upon, then to pay out to the stockholders of the company from time to time their proportionate part of such amounts. This was not done, but on the contrary the dividends that were paid out were paid from earnings partially accruing after June 16, 1933, and, therefore, the dividends that were actually paid out were subject to the tax under the terms of the Act itself.

Plaintiff urges that the comingling of the funds is immaterial; that since the assets were on hand, it was a matter of indifference as to whether the dividends were paid from these assets or from other dollars substituted in the place thereof, and among other cases, relies upon the case of Jennings v. U. S. F. & G. Co., 294 U.S. 216, 55 S.Ct. 394, 70 L.Ed. 869, 99 A.L.R. 1248. This authority, as well as the other authorities relied upon by plaintiff, is not applicable. The fallacy of plaintiff's argument is apparent. If its theory be accepted, then the statute could very easily have been evaded. The proof shows in the instant case that some of these assets, the quantity or amount not being definitely shown, are still on hand as assets of the company. When the dividends were paid from monies subsequently earned, these assets as they now stand increase the value of the assets of the corporation while the stockholders receive dividends that accrued after the 16th of June, which under the law were taxable.

The case of U. S. v. Southwestern Railway Co., supra, is conclusive of the rights of the parties in this particular cause. The dividends provided for in the resolution mentioned in that case had definitely been earned prior to the resolution and it definitely provided that from these earnings the dividends should be paid as they were collected. It was shown in that case that the corporation had no outstanding bonds or preferred stock or any creditors; that its liabilities consisted of its stock, its surplus and the special cash fund reserved for the payment of unclaimed dividends. The court in that case, among other things, said (92 F.2d page 900): "Here is no case of dividends declared and to be paid out of supposititious future earnings, and anticipated unearned profits. Here is a case of dividends to be paid out of definite and specific rents on a public railroad property, which, fixed by agreement and certain to become due, the directors by resolution had set apart and appropriated to stockholders particularly designated in the resolution."

The Act of Congress itself is very clear and definite in its meaning. There can be no question but what if the corporation in pursuance of the resolution passed on June 6, 1933, had set aside those assets, segregated them from the other earnings of the company, and had kept an accurate account of the funds realized from these assets so that it could have been shown with a reasonable degree of certainty the amount of cash received from them, and had paid out

only such cash as was received from these items, then such dividends would not have been taxable.

It is urged by the plaintiff that the resolution will not permit such a construction as the court has placed upon it; that, as a matter of fact, the resolution simply meant that the corporation had on hand these assets as earnings or profits and that it was intended that the items should be set up on the books in the way of dividends and that cash could be substituted for these assets mentioned in the resolution. However, this contention is not sound. The intent was clearly expressed in the resolution that as the cash was realized from the particular items mentioned in that resolution, it should be paid out in dividends.

The plaintiff failed to meet the burden of proof imposed upon it and the defendant may take a judgment.