716

Paul L. Holden, of Cleveland, Ohio (Squire, Sanders & Dempsey, Clan Crawford, Paul L. Holden, and Edmund Durkin, Jr., all of Cleveland, Ohio, on the brief), for appellant.

James P. Garland, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Jas. P. Garland, Sp. Assts. to Atty. Gen., and Emerich B. Freed and E. L. Foote, both of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, SIMONS, and ARANT, Circuit Judges.

HICKS, Circuit Judge.

Suit to recover $6,867.60 paid by appellant as a dividend tax and interest thereon under Sec. 213 of the National Industrial Recovery Act, Ch. 90, 48 Stat. 195, effective June 16, 1933. The case was tried by the Judge without a jury and was dismissed.

The question is, whether the dividends upon which the tax was paid were subject thereto. They were not if they were declared before June 16, 1933. Sec. 213(a) provides: "The tax imposed by this section shall not apply to dividends declared before the date of the enactment of this Act."

On June 10, 1933, a meeting of appellant's board of directors was held at which all the directors were present. The minutes disclose:

"There was presented for the consideration of the directors a statement of the condition and earnings of the Company. The statement showing sufficient surplus earned subsequent to March 1, 1913, it was therefore decided to declare a dividend of One Hundred Eighty Thousand Dollars ($180,000.00), of which amount Sixty Thousand Dollars ($60,000.00), being $30.00 per share on the 2,000 shares outstanding, was to be payable June 30, 1933, to stockholders of record as of that date, and One Hundred Twenty Thousand Dollars ($120,000.00), being $60.00 per share on the 2,000 shares outstanding, to be payable at the discretion of the Board of Directors to stockholders of record as of the date to be determined by said Board of Directors.

"The following resolution was therefore unanimously adopted:

" 'Resolved, that a dividend of Sixty Thousand ($60,000.00), being $30.00 per share on the outstanding capital stock of this Company be and is hereby declared out of the surplus of the corporation earned subsequent to March 1, 1913, said dividend to be payable on June 30, 1933, to stockholders of record June 30, 1933; and that a dividend of One Hundred Twenty Thousand Dollars ($120,000.00), being $60.00 per share on the outstanding capital stock of this Company, be and is hereby declared out of the surplus of the corporation

earned subsequent to March 1, 1913, *said dividend to be payable subsequent to June 30, 1933, at the discretion of the Board of Directors to stockholders of record as of a date to be determined* by said Board of Directors.'" (Italics ours.)

All of appellant's stockholders of course had notice of this action because all of the stock was owned by the directors. On that date the surplus earned subsequent to March 1, 1913, was in excess of $180,-000 and so continued throughout the calendar year. On the same date appellant charged itself on its books with dividends, $180,000, with a notation—"To record, dividend declared $60,000.00, payable June 30, and $120,000.00 at a future date at the discretion of the Board of Directors."

On December 1, 1933, there was another meeting of the board and the minutes thereof disclose:

"There was submitted to the meeting a statement of the current financial condition and earnings of the Company. After discussion, upon motion duly made and seconded it was

" 'Resolved, that the dividend of One Hundred Twenty Thousand Dollars ($120,-000.00), being $60.00 per share on the outstanding capital stock of this Company, declared on June 10, 1933, out of the surplus of the corporation earned subsequent to March 1, 1913, and to be payable subsequent to June 30, 1933, at the discretion of this Board to stockholders of record as of a date to be determined by said Board, be paid on December 30, 1933, to stockholders of record December 10, 1933.' "

On December 30, 1933, $120,000 was credited on the books of appellant to the accounts of the stockholders of record December 10, 1933. This entry was accompanied by a notation—"Dividends declared June 10, 1933." The stockholders were the same from June 1, 1933, to December 31, 1933.

Appellee determined that upon this distribution of $120,000.00 appellant became liable for the dividend tax thereon in virtue of Sec. 213(c) supra and on April 11, 1935, appellant paid the tax with interest under protest.

The District Court held that appellant was not entitled to recover this payment because the dividend of $120,000.00 was as a matter of law not declared until December 1, 1933.

We are not in accord. We think the dividend was declared by the resolution of June 10. The minutes of the meeting of the board on that date show that the directors then decided to declare it and the resolution following did declare it in specific terms, unless the language, "said dividend to be payable subsequent to June 30, 1933, at the discretion of the Board of Directors to stockholders of record as of a date to be determined by said Board of Directors" which we have underscored, destroys the otherwise plain purpose of the resolution.

The District Court thought that it did. It said: "The simple fact is that on June 10, 1933, the directors of the plaintiff corporation resolved to pay a further dividend when they should resolve to do so." If this view is the correct one it follows that there was no point in the adoption of the resolution at all. We may not assume that the board intended to engage in an idle ceremony. The canon of construction that the purpose of the resolution may be gathered not only from its entire language but from the surrounding circumstances and the subject matter must be kept in mind. Measured thereby, we think the intent and purpose was to declare the dividend as of June 10, 1933, and make it payable upon a date subsequent to June 30, to be fixed by the board in its discretion. This gives a sensible meaning to the resolution and makes it operative. See Ladd v. Ladd, 8 How. 10, 27, 12 L.Ed. 967. Moreover, this was the exact meaning given to it by the board itself. It never re-declared the dividend but in its resolution of December 1 specifically recognized that it had been declared on June 10 and in compliance ordered its payment on December 30. In Brooklyn Life Insurance Co. v. Dutcher, 95 U.S. 269, at page 273, 24 L.Ed. 410, the court said: "There is no surer way to find out what parties meant, than to see what they have done."

It was not necessary to the validity of the resolution of June 10 declaring the dividend, that it should embody an order directing its payment at that time. The surplus out of which it was to be paid had been earned, the amount to be paid was segregated from appellant's capital and the stockholders had notice of the resolution. Nothing more was required to constitute a creditor and debtor relationship between appellant and its stockholders. The dividend then became a debt in no wise af-

fected by the direction for its future payment. United States v. Guinzburg, 2 Cir., 278 F. 363; Plant v. Walsh, D.C., 280 F. 722; West Bay City Sugar Co. v. United States, D.C., 22 F.Supp. 844; McLaren v. Crescent Planing Mill Co., 117 Mo.App. 40, 93 S.W. 819; Hopper v. Sage, 112 N.Y. 530, 20 N.E. 350, 8 Am.St.Rep. 771; Northwestern Marble & Tile Co. v. Carlson, 116 Minn. 438, 133 N.W. 1014, Ann. Cas.1913B, 552; Beers v. Bridgeport Spring Co., 42 Conn. 17; Wallin v. Lumber & Mfg. Co., 136 Tenn. 124, 188 S.W. 577, L.R.A.1917B, 323. The dividend having been fully declared on June 10, 1933, was not subject to the provisions of the taxing Act here involved effective six days later.

The judgment is reversed and the case remanded for a new trial.