WANETA W. STROUT, Plaintiff, *v.* CROSS, AUSTIN & IRELAND LUMBER COMPANY, Defendant.

Supreme Court, Trial Term, New York County, January 16, 1941.

*LeBoeuf, Machold & Lamb* [*Horace R. Lamb* and *Craigh Leonard* of counsel], for the plaintiff.

*Burrell & Immock* [*Charles A. Van Patten* of counsel], for the defendant.

HOFSTADTER, J. The plaintiff, holder of 515 shares of the first preferred stock of the defendant corporation, seeks to recover the sum of $10,300 as the claimed balance due on a cash dividend alleged to have been declared.

The facts underlying the controversy are fully set forth in the opinion of the Court of Appeals (283 N. Y. 406) in a prior suit brought for equitable relief. The issue involved herein was not determined in that proceeding and the matter was expressly left open: " We do not decide whether the board of directors intended

on April 16, 1937, to declare a dividend generally or one of cash and income notes. That question is presented in a pending action at law brought by the plaintiff to recover the amount represented by the income notes" (p. 416). Thus the sole issue to be determined is whether or not the board of directors declared an entire cash dividend in the indicated amount. It is only upon such a declaration that the plaintiff may recover.

It is clear from the record that not only did the board intend a dividend payable partly in cash and partly in income notes of its subsidiaries, but that this intention was effectually and validly reflected in the resolutions adopted at the meeting in April, 1937.

The plaintiff's proof is wholly documentary and reliance is placed solely on that portion of the minutes of the meeting of the board of directors which " Resolved, that a dividend in the amount of $22.75 per share be and the same hereby is declared upon the first preferred stock of this corporation distributable to the holders of record of such stock as of the 20th day of April, 1937." But the action of the board must be viewed in its entirety and it is beyond cavil that it had no intention to direct the distribution of a cash dividend. Indeed, concededly, it had not sufficient funds in hand to carry out any such declaration.

The only permissible construction of the resolution is that the dollar sign was used as a measure of the amount of the dividends and did not refer to cash. (See *Hinnemann* v. *Rosenback*, 39 N. Y. 98.) This is evident from the minutes of the meeting for it appears that " the chairman then pointed out that a distribution to the stockholders of the dividend declared in cash would adversely affect the current cash position of the corporation * * *" and it was immediately further resolved that the payment shall be part cash and the remainder in property. Patently, the language used does not mean that a dividend in cash *was* declared but rather that a *distribution* in cash of the dividend declared would be inadvisable.

It must be borne in mind that the minutes of the meeting were prepared in *advance* by the attorneys for the corporation. They were read to the meeting in their entirety by the secretary and adopted *in toto* by a *single* vote. The fixing of the amount of the dividend and the medium of payment occurred at the same time and was a single transaction.

The plaintiff contends that the first resolution declared a cash dividend and that immediately upon its adoption a debt to holders of the preferred stock was created and this obligation could not be rescinded by any subsequent action of the board of directors. (*Ford* v. *Snook*, 205 App. Div. 194; affd., 240 N. Y. 624.) Accord-

ingly, it is urged that the second resolution which purported to provide for payment of the cash dividend by a property distribution is a nullity. It is unnecessary to decide whether or not the declaration of a dividend may be rescinded at any time prior to its publication and announcement to stockholders (see *Ford* v. *Easthampton Rubber Thread Co.*, 158 Mass. 84; 32 N. E. 1036) in view of the determination herein that no cash dividend, in fact, was declared.

The contention of the plaintiff does violence to the avowed and expressed intent of the directorate of the corporation.

It is axiomatic that substance and not form is controlling. It must be conceded in view of authoritative decisions that if a single resolution had been adopted the plaintiff would have no standing. (See *General Utilities Co.* v. *Helvering*, 296 U. S. 200; *Commissioner of Internal Revenue* v. *Columbia Pacific Shipping Co.*, 77 F. [2d] 759.) There is no *real* distinction in the action taken herein, for the intent of the board must be gathered from an examination and evaluation of the minutes as a whole and not from certain portions of the context. Even if it may be said that any ambiguity exists, all doubts are completely resolved by an examination of the minutes of the directors' meeting of February 24, 1937, and the letter accompanying the dividend payments.

The fact that a declaration of dividends, partly in cash and partly in property, may be invalid does not permit the court to interpret the resolution as calling for a cash dividend. (*Terry* v. *Eagle Lock Company*, 47 Conn. 141; *Hastings* v. *International Paper Co.*, 187 App. Div. 404.) In the final analysis the intention with which the action was taken must govern.

The motions by the plaintiff to strike out testimony are denied with an exception. Judgment for defendant.