534

## CROCKER et al. v. CARNEY, Former Collector of Internal Revenue.
### No. 6627.

District Court, D. Massachusetts,
Nov. 17, 1936.

———◆———

Lawrence E. Green, of Hale & Dorr, of Boston, Mass., for plaintiffs.

Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Asst. U. S. Atty., both of Boston, Mass., for defendant.

SWEENEY, District Judge.

This is an action at law to recover an excise tax alleged to have been illegally assessed and collected by the defendant, under section 213(a) of the National Industrial Recovery Act (48 Stat. 206). The tax was paid under protest, and the plaintiffs' claim for refund, duly filed with the Commissioner of Internal Revenue, was denied.

### Findings of Fact.

The plaintiffs are trustees of Crocker, Burbank & Co. Ass'n, an association created under an indenture of trust. On March 24, 1933, the plaintiffs, acting as trustees of Crocker, Burbank & Co. Ass'n, adopted the following resolution:

"It was resolved that a distribution of One Dollar ($1.00) per share be paid on June 29, 1933 to shareholders of record June 22, 1933, subject to the approval of the President and Treasurer and Assistant Treasurers."

On April 25, 1933, after having received the balance sheet for the quarter ending March 31, 1933, the president, treasurer, and assistant treasurers of Crocker, Burbank & Co. Ass'n met and informally approved the payment of the dividend in accordance with the terms of the resolution, but made no minutes of the meeting, and took no other formal action to indicate their approval. They did, however, orally communicate the fact of their approval to some of the trustees who were also stockholders.

The dividend was paid on June 29, 1933, to stockholders of record on June 22, 1933, in accordance with the tenor of the resolution passed. No other formal approval by the president, treasurer, and assistant treasurers was made of the resolution of March 24, 1933, unless the actual payment would be considered as their formal approval. We have then, therefore, a dividend declared in some form as of March 24, 1933, to be paid on June 29, 1933; approval of the proper officers at sometime within that period, and actual payment of the dividends declared.

### Conclusions of Law.

Section 213(a) of the National Industrial Recovery Act provides for the imposition of a tax on dividends to be collected at the source, and provides that:

"The tax imposed by this section shall not apply to dividends declared before the date of the enactment of this Act."

The act was passed on June 16, 1933. The dividends on which the tax was levied by the Government in this case were paid on June 29, 1933. The question therefore is whether the dividend declared by the trustees on March 24, 1933, is within the meaning of the proviso of section 213(a) as to "dividends declared" before the passage of the act. The fact that the distribution of the dividend was to be "subject to the approval of the President and Treasurer and Assistant Treasurers" gives rise to the present controversy.

The Government contends: (a) That the resolution of March 24, 1933 standing by itself is not a "dividend declared" within the meaning of the act because it is contingent upon the approval of certain officers; and (b) that the informal approval by the president, treasurer, and assistant treasurers as of April 25, 1933, did not bring it within the meaning of the statute, because it did not create a binding creditor and debtor relationship between the stockholders and the company, for there was

nothing to indicate as of April 25, 1933, that the approving officers would not change their minds and withdraw their approval before the date of the actual payment.

The resolution of March 24, 1933, in and of itself was not an outright declaration of dividend, for it was only with the approval of the officers named in the resolution that the dividend would be paid. However, when, on April 25, 1933, the proper officers approved the payment of the dividend, and communicated that fact to other trustees who were stockholders, it created a debtor and creditor relationship which vested certain rights in the stockholders. This is the relationship contemplated by the statute and regulations promulgated thereunder. Since nothing further was to be done after that, except the actual payment of the money, which was effected on the proper date, I rule that the dividend upon which the tax was imposed was a declared dividend within the meaning of section 213(a) of the National Industrial Recovery Act. The tax in the amount of $4,605 was therefore illegally assessed and collected.

The plaintiffs' motion for judgment in the amount of $4,605 with interest thereon at the rate of 6 per centum per annum from June 20, 1934, and costs is therefore allowed.

The defendant's motion for judgment is denied.

The defendant's requests for findings of fact and conclusions of law are allowed in so far as they are consistent with this opinion, and are denied in so far as they are inconsistent with it.

The plaintiffs' requests for findings of fact and rulings of law are allowed in so far as they are consistent with this opinion, and are denied in so far as they are inconsistent with it.