**EVENING STAR NEWSPAPER CO. OF WASHINGTON v. UNITED STATES.**

No. 42905.

Court of Claims.

Dec. 7, 1936.

1022

George E. Hamilton, Jr., and Charles D. Hayes, both of Washington, D. C. (Hamilton & Hamilton and Hayes & Hayes, both of Washington, D. C., on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

BOOTH, Chief Justice.

The plaintiff is a corporation created by a special act of Congress July 27, 1868, and since that time has been engaged in publishing in the city of Washington, D. C., the Evening Star newspaper. This suit is for the recovery of taxes assessed and collected by the Commissioner of Internal Revenue upon dividends paid by the corporation to its stockholders from June 30, 1933, to and including December 31, 1933.

Section 213 of the National Industrial Recovery Act (48 Stat. 195, 206), approved June 16, 1933, provided as follows: "Sec. 213. (a). There is hereby imposed upon the receipt of dividends (required to be included in the gross income of the recipient under the provisions of the Revenue Act of 1932) by any person other than a domestic corporation, an excise tax equal to 5 per centum of the amount thereof, such tax to be deducted and withheld from such dividends by the payor corporation. The tax imposed by this section shall not apply to dividends declared before the date of the enactment of this Act." The plaintiff contends that all of the dividends paid by it were *declared* before the date of the foregoing act, and this is the single issue of the case.

The plaintiff is what is termed a "close corporation." Since 1868 its capital stock of 200 shares has been continuously owned by "descendants, or relatives or connections of descendants, of the three original incorporators." During its entire existence there have been no antagonistic or adverse elements among its stockholders, ten of whom have been chosen as directors. Frank B. Noyes was at the time of this controversy, and had been for a long time previous thereto, the duly elected president of the company.

On April 10, 1914, the board of directors passed the following resolution: "Resolved, That the President of the Company be authorized and directed to pay such dividends from the profits of the Company as will, in his judgment, be consistent with the policy of the Company to maintain reserves ample for all emergencies."

The defendant rests its sole defense upon a contention that there was no formal declaration of dividends as the law requires, and that the resolution of the board of directors passed April 10, 1914, supra, is limited to a delegated authority to *pay* and not *declare* dividends.

If the language of the April resolution did no more than direct the president to pay dividends, then obviously the defense interposed would be invulnerable. However, we think it authorized the president to declare and pay dividends, and the defendant does not challenge the right of the directors to so delegate authority.

The resolution does not definitely fix the amount of the dividends, except they shall be in such amounts as is "consistent with the policy of the company to maintain reserves ample for all emergencies." The execution of such authority inescapably involves a declaration of the amount of the same. The president was obligated

to ascertain the profits of the corporation, and to maintain the policy of the company with respect to reserves and from this financial setup fix and pay the dividends proportionably payable from the cash on hand. The president was not simply an administrative official or disbursing officer of the corporation.

The president of the company for a long series of years had been granted by the board of directors express authority to manage the fiscal affairs of the same. The question of the declaration and payment of dividends was left by the resolution to his discretion and judgment, subject only to the limitations mentioned, and while the resolution omits the word "declare," the authority to do so is, we think, clearly apparent and deducible from the language of the same.

When the president ascertained in accord with the April resolution the sum available for distribution to stockholders, he necessarily had to declare dividends varying in amount and payable to different stockholders. The board of directors delegated to him the authority to do this precise thing. The ascertainment of an available profit distributable to stockholders and its segregation into separate sums due individual stockholders involve more than an act of payment. The board of directors intended no such limitation of the president's authority, and the language of the resolution warrants no such restricted construction.

In both plaintiff's and defendant's briefs Treasury Decision 4372 is cited, as follows: "Section 213 imposes an excise tax upon the receipt of dividends, except those which were validly declared before the date of the enactment of the Act. A declaration of dividends payable periodically in the future will be regarded as void for the purposes of section 213 unless the declaring corporation at the time had sufficient earnings and profits accumulated subsequent to February 28, 1913, to enable it to pay all such future dividends so declared. No attempt to bind a corporation to pay future dividends out of anticipated earnings and profits will be recognized as a valid declaration for the purposes of that section." It is conceded that the plaintiff is not precluded from a recovery under the above.

The purpose of section 213 of the National Industrial Recovery Act (supra) is, as defendant states, to impose a tax upon the recipients of dividends subsequent to its passage, and to exclude a tax upon dividends *declared* before the date of the act. The payment of dividends subsequent to the date of the act which had been declared previously was admittedly nontaxable, and we can perceive no force in an argument predicated upon this fact.

There are a number of cases cited in the briefs. We withhold comment thereon, for in our opinion they do no more than disclose elementary principles of corporate law, and are decided upon the facts of the case cited. The issue in this case is to be determined upon the construction of the April, 1914, resolution of the board of directors of the corporation. We think the defendant concedes this to be the fact.

Plaintiff is entitled to judgment for $23,245, with interest thereon as provided by law. It is so ordered.