### SOUTHWESTERN PORTLAND CEMENT CO. v. UNITED STATES.*
### No. 7244–H.

District Court, S. D. California, Central Division.

Feb. 23, 1937.

*Judgment reversed — F.2d —.

Claude I. Parker, of Los Angeles, Cal., for plaintiff.

Pierson M. Hall, U. S. Atty., by Everett H. Mitchell, Alva C. Baird, and Eugene Harpole, all of Los Angeles, Cal., for the United States.

HOLLZER, District Judge.

It appearing that this cause has been submitted upon an agreed statement or stipulation of facts, in addition to the facts admitted by the pleadings herein; and it further appearing from such agreed statement of facts that on March 10, 1932, the board of directors of plaintiff corporation passed the following resolution, to wit: "Resolved, that out of the net earnings of the corporation, there be paid an annual dividend of $8.00 per share on the Preferred Stock outstanding; and $4.00 per share on the Common Stock outstanding, the said dividend to be paid in equal quarterly payments and to be paid at the rate herein stated, until otherwise ordered by the Board of Directors."

It further appearing from such agreed statement of facts that said resolution remained in effect throughout the period involved in this litigation, that no other action was taken by said board of directors during said period relative to the declaration of dividends, also that, although plaintiff did not make any segregation of funds to the payment of future dividends nor appropriate nor set aside any portion of its surplus or accumulated profits out of which dividends could be paid after the adoption of said resolution, nevertheless an annual dividend was paid during 1933 in the installments, and otherwise in conformity with the provisions, specified in said resolution, the first quarterly installment of said annual dividend being paid in January of 1933 and the remaining quarterly install-

ments being paid every three months thereafter; and

It further appearing that at the time of the adoption of the aforesaid resolution plaintiff had a surplus available for dividends sufficient to pay all dividends to and including December 31, 1933, at the annual rate specified in said resolution:

The court concludes that by the adoption of the resolution of March 10, 1932, and by pursuing a course of conduct thereafter whereby in January, 1933, funds were distributed out of plaintiff's surplus to its stockholders as and for one-quarter of an annual dividend for the year 1933 in conformity with said resolution, and whereby in April, 1933, a similar distribution was made to plaintiff's stockholders as and for a second quarter of a like annual dividend for that year, plaintiff's board of directors had, in effect, prior to June, 1933, declared an annual dividend for the year 1933 at the rate of four times such quarterly payments.

The court further concludes that the dividend quarterly distributions made to plaintiff's stockholders on account of said annual dividend for 1933, and paid during the months of July and October, 1933, respectively, were therefore exempt from taxation under the provisions of section 213(a) of the National Industrial Recovery Act effective June 16, 1933, 48 Stat. 206.

Counsel for plaintiff are requested to prepare and serve findings and decree in conformity with this memorandum, and to incorporate therein an exception in favor of defendant.