## ALABAMA PIPE CO. v. UNITED STATES.

No. 42981.

Court of Claims.

Nov. 1, 1937.

Howard Cecil Kilpatrick, of Washington, D. C., (Frederick A. Ballard, of Washington, D. C., on the brief), for plaintiff.

Fred K. Dyar, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and George H. Foster, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

The plaintiff seeks to recover $1,297.32 paid as a tax on dividends pursuant to the provisions of section 213(a) of the National Industrial Recovery Act (48 Stat. 195, 206), enacted June 16, 1933, and reading as follows:

"Sec. 213. (a) There is hereby imposed upon the receipt of dividends (required to be included in the gross income of the recipient under the provisions of the Revenue

Act of 1932) by any person other than a domestic corporation, an excise tax equal to 5 per centum of the amount thereof, such tax to be deducted and withheld from such dividends by the payor corporation. The tax imposed by this section shall not apply to dividends declared before the date of the enactment of this Act."

February 19, 1932, plaintiff adopted the resolution set out in our findings wherein it provided that dividends on its preferred stock for 1931 "may be paid when and if the company's finances make it advisable to do so, the decision to be left to the judgment of the President and General Manager." The resolution also provided that dividends might be paid to certain stockholders in advance of the payments to other stockholders, but that no payments should be made except in the discretion of the president and general manager.

At the time the resolution was adopted, plaintiff had an earned surplus many times the dividends covered by the resolution and also had on hand sufficient cash with which to pay the dividends. In fact, at the time the resolution was adopted a substantial part of the dividends had already been paid, and prior to the enactment of the act in question $114,856.80 of the total of $145,974 had been paid. Upon the adoption of the resolution the personal accounts of each of the preferred stockholders was credited, upon the books of plaintiff, with his pro rata share of such dividend, and as payments were made to these stockholders appropriate charges were made to these accounts. Postponement of the payment of dividends to certain of the larger stockholders, who were not in immediate need of funds, was made because of certain fixed obligations of plaintiff which were coming due and also in order to conserve working capital to meet possible emergencies which might arise during the period of the depression.

Of the dividends which remained unpaid on June 16, 1933, $24,000 was paid in July, August, and November, 1933. The remainder was paid thereafter but it is not involved in this suit. Plaintiff made returns on account of the dividend payments of $24,000 but paid no tax thereon at that time, on the ground that such dividends had been declared (under the resolution of February 19, 1932) prior to the date of the enactment of the National Industrial Recovery Act (48 Stat. 195) and therefore were exempt from tax. Later plaintiff was required by the Commissioner to pay a tax on these dividends in the net amount of $1,297.32, and it is this amount which plaintiff seeks to recover in this suit.

In view of our decision in the case of Evening Star Newspaper Company v. United States, 16 F.Supp. 1020, 1023, 84 Ct.Cl. 263, an extended discussion is unnecessary. In that case we held: "The purpose of section 213 of the National Industrial Recovery Act (supra) is, as defendant states, to impose a tax upon the recipients of dividends subsequent to its passage, and to exclude a tax upon dividends declared before the date of the act. The payment of dividends subsequent to the date of the act which had been declared previously was admittedly nontaxable, and we can perceive no force in an argument predicated upon this fact."

In our opinion, the dividends in question were declared before the enactment of the National Industrial Recovery Act and therefore under section 213(a) of that act are exempt from tax.

Plaintiff is accordingly entitled to recover $1,297.32, with interest, as provided by law. It is so ordered.