## UNITED STATES v. SOUTHWESTERN PORTLAND CEMENT CO.

### No. 8586.

Circuit Court of Appeals, Ninth Circuit.

June 8, 1938.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, Maurice J. Mahoney, and W. Croft Jennings, Sp. Assts. to Atty. Gen., of Washington, D. C. and Peirson M. Hall, U. S. Atty., and Alva C. Baird and E. H. Mitchell, Asst. U. S. Attys., of Los Angeles, Cal., for the United States.

Claude I. Parker, Bayley Kohlmeier, and Lloyd G. Rainey, all of Los Angeles, Cal., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

This appeal is taken by the United States, defendant below, from a judgment entered in favor of plaintiff for refund of excise taxes alleged to have been erroneously collected.

The facts, stipulated to, are substantially as follows:

The appellee, a West Virginia corporation, had its principal place of business at Los Angeles, Calif. On March 10, 1932, at a regular meeting thereof, its Board of Directors passed the following resolution: "Resolved that out of the net earnings of the corporation, there be paid an annual dividend of $8.00 per share on the Preferred stock outstanding; and $4.00 per share on the Common stock outstanding, the said dividend to be paid in equal quarterly payments, and to be paid at the rate herein stated, until otherwise ordered by the Board of Directors." On March 10, 1932, there were issued and outstanding 20,511 shares of Preferred stock of the par value of $100.00, and 61,534 shares of Common stock of like par value. On that date the appellee had a surplus available for dividends at the rate stated to and including December 31, 1933. No other action was taken by the Board of Directors between March 10, 1932, and December 31, 1933, relative to the declaration of dividends. The appellee did not make any segregation of funds to the payment of dividends authorized by the above resolution, nor did it appropriate or set aside any portion of its surplus or accumulated profits out of which dividends could be paid after March 10, 1932, pursuant to the resolution of that date. Thereafter, and without further resolution of its board of directors an annual dividend of $8.00 per share on the Preferred stock outstanding and of $4.00 per share on the common stock outstanding, was paid in equal quarterly installments during the calendar year 1933. The total amount of each of the four installments was $102,557.50, the first being paid in January and the second in April, 1933, before the passage of the statute. In July, 1933, the third installment was paid, $88,972.00 of said $102,557.50 being paid to domestic corporations, and in October, 1933, the fourth installment was paid, in like amounts.

Section 213(a) of the National Industrial Recovery Act (48 Stat. 195, 206, approved June 16, 1933), provides:

"There is hereby imposed upon the receipt of dividends (required to be included in the gross income of the recipient under the provisions of the Revenue Act of 1932) by any person other than a domestic corporation, an excise tax equal to 5 per centum of the amount thereof, such tax to be deducted and withheld from such dividends by the payor corporation. The tax imposed by this section shall not apply to dividends declared before the date of the enactment of this Act."

The appellee did not withhold any excise tax from the above mentioned dividend distributions made during the months of July and October, 1933.

In response to a request for a ruling as to whether the dividend declaration made March 10, 1932, was sufficient to relieve the appellee from withholding the five per centum excise tax on dividends declared thereunder, a deputy commissioner of Internal Revenue advised an attorney for appellee, by letter, on July 21, 1933, that earnings and profits prior to March 10, 1932, could "be distributed without withholding the five per cent excise tax thereon. As to distributions from earnings or profits since the date of the above dividend declaration, it will be held that the dividends were declared as of the date stockholders to whom such dividends were payable were ascertained, and if subsequent to June 15, 1933, the dividends will be subject to the five per cent excise tax."

Thereafter, on August 25, 1933, the appellee filed with the Collector of Internal Revenue at Los Angeles, California, its "Monthly Return of Tax to be Paid at Source of Dividends" indicating no tax due on the dividends paid July 1, 1933, and referring to the letter set forth above. A corrected return for this same dividend payment was filed October 27, 1933, still disclosing no tax due and referring to the above letter. A similar return for the dividend payment of October, 1933, was filed October 30, 1933, also disclosing no tax due.

Under date of February 5, 1934, the Commissioner of Internal Revenue notified an attorney for the appellee that, in view of Bureau rulings on similar cases, it had become necessary to reconsider the ruling of July 21, 1933, in appellee's matter. The Commissioner advised that the resolution of the Board of Directors of March 10, 1932, did not create a legal, enforceable debt, definite, final and irrevocable and that the dividends did not become payable until the actual appropriation of surplus by the company took place, and, therefore, it was necessary for the Commissioner to revoke the ruling of July 13, 1933. The appellee was directed to file an amended return and to pay the tax. This letter referred only to the dividend payment of July 1, 1933, but,

obviously, the ruling would govern the later dividend payment, as well.

The Commissioner assessed an excise tax of $5,127.88, against the July dividend, which was later reduced to $679.28 upon recognition of the sum paid in dividends to domestic corporations. 48 Stat. 206. The appellee paid this tax.

The appellee filed a claim for refund on September 14, 1934, in the amount of $1,-376.77, which was made up of $679.28 and $679.49, the taxes paid on the July and October dividends, respectively. The claim for refund was denied January 3, 1935.

The complaint was drawn in two counts, the first praying recovery of the sum of $679.28 for refund of excise taxes paid on the July dividend, and the second for $679.-49, for refund of excise taxes paid on the October, 1933, dividend. The claim for refund was made in each instance on September 14, 1934, and denied as set forth above.

Jury was waived by stipulation filed November 3, 1936, and the cause was heard upon stipulated facts. Thereafter, on February 24, 1937, the trial judge filed a memorandum of conclusions, holding in favor of plaintiff. Findings of fact and conclusions of law were filed and judgment entered April 6, 1937. From this judgment defendant appeals.

The appellee states the question before this court as follows: "Whether dividend payments made by appellee during the months of July and October of the year 1933 were exempt from taxation within the meaning of Section 213(a) of the National Industrial Recovery Act as having been declared prior to June 16, 1933, the date of enactment of said act?

There is no point in rehearsing the elementary principles of law relative to the declaration of dividends. That has been done in numerous cases and in the texts.

■ There would seem to be no question that the resolution of the board of directors of appellee made March 10, 1932, was a continuing one and that dividends could be paid thereunder in the absence of further affirmative action of the said board of directors. It is noted, however, that the resolution is qualified by the final clause, "until otherwise ordered by the Board of Directors." The general rule is that a complete and valid declaration of a dividend operates to create a debtor-creditor relationship between a corporation and its stockholders and that once a dividend is fully declared and public announcement has been made of that fact, a board of directors is powerless to rescind or revoke its action, the reason being that a "debtor" cannot rescind its debt. But, a declaration of dividend which does not create a definite, final, irrevocable and enforceable debt against the corporation in favor of the stockholders is not a fully declared dividend.

In view of the final clause thereof, the declaration of dividend in the instant case is not absolute and unqualified in its terms and, therefore, not fully declared within the meaning of the statute. In fact, the appellee concedes, "The board of directors of the Corporation, at the time of the adoption of the dividend resolution on March 10, 1932, reserved the power to amend the said resolution and thereby in effect could rescind the declaration of such future annual dividends as had not become debts of the Corporation." This means that the board could not be compelled to pay a dividend under the resolution because it had the power to order otherwise. If this be true, as it must be under the resolution, a dividend would not be fully declared, in the sense that it was a debt of the corporation and could not be rescinded, until it was actually paid or some other affirmative action taken. No other affirmative action was taken. Further support is given this view by the fact, stipulated to, that the appellee "did not make any segregation of funds to the payment of future dividends * * *" nor did it "appropriate or set aside any portion of its surplus or accumulated profits out of which dividends could be paid after March 10, 1932 * * *."

It is argued that the declaration calls for the payment of an "annual" dividend in four equal installments and that the payments of dividends in January and April, 1933, were part of the "annual" dividend for that year to which the board of directors had committed itself and that by making the January and April 1933 dividend payments, the board irrevocably bound itself to pay the July and October 1933 installments—that the payment of the January installment was, in effect, a declaration of dividend for the year 1933. This argument is answered by the final clause of the resolution, which qualified the whole thereof. The declaration in this case amounted to no more than a statement of policy on the part of the directors. It would be ridiculous to assume that such a declaration

416

would be operative in the years following its adoption if the corporation had no surplus profits.

█ We are unwilling to go so far as to hold that the payment of the January, 1933, installment irrevocably bound the board of directors of appellee corporation to pay the remaining three installments in 1933, and, if the corporation was not irrevocably bound, the stockholders could not compel payment. Therefore, there was no complete, valid, unqualified declaration until the dividend was actually paid, and, hence, the dividends were not "declared," within the purview of the statute, until that time.

The dividends in question were subject to the excise tax demanded by Section 213 (a) of the National Industrial Recovery Act of 1933. See United States v. Murine Co., Inc., 7 Cir., 90 F.2d 549, 551. Compare United States v. Southwestern R. Co., 5 Cir., 92 F.2d 897; Crocker v. Carney, etc., D.C.Mass., 17 F.Supp. 534; Evening Star Newspaper Co. v. United States, Ct.Cl., 16 F.Supp. 1020, cited by appellee.

Judgment reversed.

STEPHENS, Circuit Judge (dissenting).

I dissent. I agree with the majority's statement of the general rule that "a declaration of dividend which does not create a definite, final, irrevocable and enforceable debt against the corporation in favor of the stockholders is not a fully declared dividend." But I think that in the present case the dividends upon which tax is claimed were absolutely and unqualifiedly declared prior to the date of the enactment of the statute, and that consequently their receipt was not subject to the tax.

The resolution of March 10, 1932 was clumsily phrased, but its intent is not different than if it had been drawn with the italicized phrase "until otherwise ordered by the Board of Directors" placed so that it is in juxtaposition with the first part of the sentence of which it is a part. The original resolution reads:

"Resolved that out of the net earnings of the corporation, there be paid an annual dividend of $8.00 per share on the Preferred stock outstanding; and $4.00 per share on the Common stock outstanding, the said dividend to be paid in equal quarterly payments, and to be paid at the rate herein stated, *until otherwise ordered by the Board of Directors.*" (Italics added.)

Changed in form as I have suggested the resolution would read:

"Resolved that out of the net earnings of the corporation, there be paid an annual dividend of $8.00 per share on the Preferred stock outstanding and $4.00 per share on the Common stock outstanding *until otherwise ordered by the Board of Directors.* The said dividend to be paid in equal quarterly payments, and to be paid at the rate herein stated." (Italics added.)

Again if the evident misplacement of the semicolon following the first use of the word "outstanding" be placed after the second use of that word the same result is obtained. That is to say, as I construe the resolution, the qualifying clause "until otherwise ordered by the Board of Directors" is not to be taken as an authorization to the Board to change the rate or time of payment of an "annual dividend" after indication once given that the dividend described in the resolution was to be paid for any particular year.

Such an indication for the year 1933 is found in the payment in January of a quarterly dividend answering the description of the March 10, 1932 resolution. This act, I think, since unaccompanied by any statement to the contrary, effectuated a readoption of the dividend resolution of March 10, 1932, in so far as the year 1933 was concerned. Concurrently with the payment of the first installment the obligation to pay the full dividend described in the resolution became perfect and complete. At that time there arose the relationship of debtor and creditor between the corporation and its stockholders for the three remaining unpaid quarterly installments of the "annual dividend" for the year 1933. Hence there was, prior to the adoption of the National Industrial Recovery Act, a complete, valid and unqualified declaration of the dividends here claimed to be subject to the excise tax imposed by section 213(a) thereof, 48 Stat. 206. Consequently the judgment should be affirmed. See, United States v. Southwestern R. Co., 5 Cir., 1937, 92 F.2d 897; Alabama Pipe Co. v. U. S. (Ct. Cl.1937) 21 F.Supp. 173; Evening Star Newspaper Co. v. United States, Ct.Cl. 1936, 16 F.Supp. 1020; Crocker v. Carney, D.C.Mass., 1936, 17 F.Supp. 534.