**UNITED STATES v. BALDY.**

No. 9241.

Circuit Court of Appeals, Ninth Circuit.

Dec. 22, 1939.

MATHEWS, Circuit Judge, dissenting.

———◆———

Samuel O'Clark, Jr., Asst. Atty. Gen., Sewall Key and James P. Garland, Sp. Assts. to Atty. Gen., and Carl C. Donaugh, U. S. Atty., and J. Mason Dillard, Asst. U. S. Atty., both of Portland, Or., for appellant.

Robt. T. Jacob and Ashley Greene, both of Portland, Or., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellee had judgment in a suit to obtain a refund of a tax exacted under § 213 of the National Industrial Recovery Act (48 Stat. 206), and the Government appeals.[1] The statute, § 213(a), imposed an excise tax of 5% upon the receipt of corporate dividends, the tax to be withheld at the source. Dividends declared before the date of the enactment of the statute (June 16, 1933), although paid after that date, were exempted from the tax.

The findings are that on April 15, 1933 appellee's board of directors adopted a resolution reading as follows: "Mr. Gibbs then moved and Mr. Southern seconded the motion that a July dividend be declared at the rate of 20¢ per share on the Preferred Stock; 15¢ per share on the Class 'B' Fully Participating Preference stock and 15¢ per share on the Common stock, with authority for the president to make a reduction in the rate if in his discretion it is deemed advisable."

The full amount of the dividend was paid on July 1, 1933. At the time of the adoption of the resolution the corporation was solvent and a sufficient earned surplus existed out of which to pay the dividend. The requisite amount was then available and remained available at all times thereafter until paid.

The trial court concluded as a matter of law that the resolution was a valid declaration of a dividend and created a debtor-creditor relationship between the corporation and its stockholders. The case is controlled by our decision in Maloney v. Western Cooperage Co., 9 Cir., 103 F.2d 992,[2] handed down after the entry of judgment below, and the judgment must be reversed. A declaration of dividend which does not create a definite, irrevocable and enforceable debt against the corporation in favor of the stockholders is not a fully declared dividend. There was here no

[1] Appellee has moved to dismiss the appeal, or in the alternative to affirm the judgment, because of an alleged failure of appellant to comply with our Rule 20 relating to specifications of error in briefs. Appellant's brief, however, amply specifies the error relied on.

[2] See also United States v. Southwestern Portland Cement Co., 9 Cir., 97 F. 2d 413.

definite and irrevocable debt, ascertainable as of the effective date of the National Industrial Recovery Act. At that time the payment of the dividend was subject to the discretionary authority of the appellee's president to make any reduction in the rate of dividend he might deem advisable.

Reversed.

MATHEWS, Circuit Judge, dissents.