**A. T. JERGINS TRUST et al. v. ROGAN, Collector of Internal Revenue.**

**No. 1107–Y Civil.**

District Court, S. D. California, Central Division.

July 19, 1941.

Clock, Waestman & Clock, of Long Beach, Cal., for plaintiffs.

Wm. Fleet Palmer, U. S. Atty., and E. H. Mitchell and Armond Monroe Jewell, Asst. U. S. Attys., all of Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

This is an action for the recovery of excise taxes imposed on the receipt of dividends by Section 213 of the National Industrial Recovery Act, approved on June 16, 1933, 48 Stat. 206. The plaintiff, A. T. Jergins Trust, is a California business trust created by a declaration entered into on April 3, 1922. Other plaintiffs are trustees and officers of the trust.

Pursuant to the authority conferred by the Declaration of Trust, the Board of Trustees, for ten years prior to the year 1933, had declared and paid monthly dividends from net earned surplus, which, at all times, exceeded the dividends declared and paid. On January 14, 1926, the Board of Trustees adopted a resolution reading: "Resolved, that the A. T. Jergins Trust pay to each unit holder the sum of One Dollar ($1.00) per unit, of the new issue, on February 11th, 1926, and on the 12th day of each and every calendar month thereafter until further order of the Board of Trustees; said sum to be payable to the unit holders as they appear of record on the books of the Trust on the first day of the calendar month preceding the payment, and the president and treasurer are hereby authorized to issue checks for the sums payable, same to be mailed to the unit holders. Also, it is further provided that said Trustees may, in their discretion, change the method of paying the same in quarterly payments, if they so desire; same to be paid in the same form as provided in this resolution."

The action of the trustees in paying monthly dividends under the resolution was ratified and approved on April 2, 1927, on February 14, 1928, on April 5, 1930, and on April 19, 1933. On the last named day, the following resolution was adopted: "On motion duly made, seconded and carried, the officers of the organization were directed to continue the payment of the dividends to the unit holders of the Trust at the same rate that has heretofore been paid, to-wit One Dollar ($1.00) per unit per month, *until further order of the Trustees*".

This resolution remained in effect during the remainder of the year 1933 and was never modified. The earned surplus of the Trust, as of the date of the Resolution and during the entire year 1933, was well in excess of $500,000. During the year 1933, dividends totaling $40,000 per month were paid. The dividend checks for the month of June, 1933, were dated June 20, 1933, and mailed on that day to the unit holders of the Trust.

The United States Government assessed and collected on November 29, 1937, a tax, with added penalties, on the dividends in the sum of $2,784.16. This upon the theory that the dividends, having been declared subsequent to the effective date of the National Industrial Recovery Act, were taxable. It is conceded that of the amount paid as dividends, the sum of $3,673 was paid to domestic and religious corporations. A claim for refund was seasonably made and rejected.

On the agreed facts, the plaintiff should have judgment for $183.65, tax and penalties assessed on the $3,673 paid as dividends to domestic and religious corpo-

rations. These dividends were not subject to the tax. However, judgment is ordered against the plaintiff on the balance of its demand.

■ I am of the view that, under the decision of the Circuit Court of Appeals for the Ninth Circuit, in United States v. Southwestern Portland Cement Co., 1938, 97 F.2d 413, the resolution under which the plaintiff acted was not self-executing, but required definite action before the dividend could be said to be declared. Such action was not taken until the dividend checks in the various amounts were actually mailed on June 20, 1933, subsequent to the effective date of the N.I.R.A., which imposed the tax on dividends. The decision in that case reversed a lower court holding to the contrary. Southwestern Portland Cement Co. v. United States, D.C., 1937, 22 F.Supp. 846.

It is to be noted that the two District Court decisions which counsel for the plaintiff in their brief declare to be decisive of the point (Evening Star Newspaper Co. v. United States, Ct.Cl.1936, 16 F.Supp. 1020; Alabama Pipe Co. v. United States, Ct.Cl.1937, 21 F.Supp. 173) are relied upon in the dissent of Judge Albert Lee Stephens. The majority opinion refers to one of them only—Evening Star Newspaper Co. v. United States, supra—merely to contrast it with the conclusion arrived at. Other well-reasoned cases which declare the same rule are United States v. Murine Co., 7 Cir., 1937, 90 F.2d 549, in which certiorari was denied by the Supreme Court, 1937, 302 U.S. 734, 58 S.Ct. 119, 82 L.Ed. 567; Lockhart Iron & Steel Co. v. O'Toole, D.C.Pa.1938, 22 F.Supp. 919; Alexander & Alexander, Inc., v. United States, D.C. Md.1938, 22 F.Supp. 921, which contains a very sound criticism of the decisions reaching a contrary conclusion.

■ The fact that checks may have been made out prior to the 20th of June, and the amounts actually credited to the accounts of the various unit holders, does not alter the situation. Unless accepted as such, a check is not payment. See Drukker v. Howe & Haun Inv. Co., 1934, 136 Cal. App. 437, 442, 29 P.2d 289. And certainly the post dated checks kept in the hands of the Trust could not create any obligation on its part to pay the amounts they represented until they actually reached the hands of the holders and were actually paid by the bank. Until that time, they were revocable, as was the dividend itself.

West Bay City Sugar Co. v. United States, D.C.Mich.1936, 22 F.Supp. 844, on which plaintiff relies for a contrary contention, did not involve a general power to declare a dividend "until the further order" of the directors. On the contrary, there was there an actual, irrevocable declaration of a *single dividend* as of a definite date, payment, however, to be made later.

This was also the situation in Realty Investment Co. v. Moore, 6 Cir., 1939, 104 F.2d 716. Both these cases recognize that where there is no power to recall it, a dividend may be effectively declared, although its actual payment be postponed. See Rockefeller v. United States, 1921, 257 U.S. 176, 42 S.Ct. 68, 66 L.Ed. 186; United States v. Guinzburg, 2 Cir., 1921, 278 F. 363. Obviously this was not the case here.

Hence the ruling here made.

Findings and judgment to be prepared by counsel for the Government under Local Rule 8.